**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**robert.walker@tn.gov**

July 5, 2012

*44731 MM*

Alfa Alliance Insurance Corporation
P O Box 2460
Glen Allen, VA  23058
NAIC # 18791

Certified Mail
Return Receipt Requested
7011 0470 0000 5069 4624
Cashier # 4057

Re:  Shemeka C. Turner  V.  Alfa Alliance Insurance Corporation

Docket # 64968

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 5, 2012, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Joe Walker
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Rutherford County
    20 Public Square North, Rm 201
    Murfreesboro, Tn  37130



RECEIVED
JUL 13 2012
ALFA ALLIANCE INSURANCE CORP.
GLEN ALLEN, VA

**EXHIBIT**
1

| STATE OF TENNESSEE<br>16th JUDICIAL DISTRICT<br>CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER<br>_[illegible]_ |
|---|---|---|
| **PLAINTIFF**<br>_[illegible]_ | **DEFENDANT**<br>vs. _[illegible]_ | |

**TO: (NAME & ADDRESS OF DEFENDANT)**

_[handwritten, partially illegible]_
ALFA ALLIANCE INSURANCE CORPORATION
c/o Commissioner of Insurance — TN Dept of Commerce and Insurance
500 James Robertson Pkwy
Nashville, TN 37243-1204

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff:<br>(Name, address & telephone number)<br>_[illegible handwriting]_ | DATE ISSUED & ATTESTED<br>_[illegible]_<br>LAURA BOHLING, Circuit Court Clerk<br>BY: _____ Deputy Clerk |
|---|---|

### CERTIFICATION

I, LAURA BOHLING, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the origianl summons issued in this cause.

BY: _____ DEPUTY CLERK

| TO THE SHERIFF:<br>Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED<br><br>Sheriff |
|---|---|

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

| DATE OF PERSONAL SERVICE: | _____<br>**Sheriff**<br>BY: |
|---|---|

Submit three copies: service copy, defendant's copy, file copy.

ADA COORDINATOR, SONYA STEPHENSON (615-494-4480)

SHEMEKA C. TURNER )
)
    Plaintiff )
)
v. ) Case No. 64968
) JURY DEMAND
ALFA ALLIANCE INSURANCE )
CORPORATION )
)
    Defendant. )

## COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

### COMPLAINT

### PARTIES

1.1  Plaintiff is an adult resident of Murfreesboro, Rutherford County, Tennessee.

1.2  Upon information and belief, Defendant is a Tennessee insurance corporation having its principal place of business in Glen Allen, Virginia. Defendant can be served via its registered agent, the Commissioner of Insurance, 500 James Robertson Parkway, Tennessee Department of Commerce and Insurance, Nashville, TN 37243-1204.

### JURISDICTION

2.1  Defendant is an insurance company organized in the State of Tennessee and licensed to do business in the State of Tennessee.

2.2  Defendant engages in providing property/casualty insurance coverage to policy holders within the State of Tennessee.

2.3  This action arises out of a fire loss that occurred in Rutherford County, Tennessee.

2.4 Defendant issued and delivered an insurance policy (policy number HOT0309442) to Plaintiff in Rutherford County, Tennessee.

2.5 The house located at 2014 Bradyville Pike, Murfreesboro, TN 37130 (Plaintiff's house) was the insured premises under the insurance policy issued by Defendant to Plaintiff.

2.6 Defendant conducts business regularly in Rutherford County, Tennessee and issues insurance policies regularly to Rutherford County residents.

2.7 This Court has jurisdiction over this action pursuant to TCA § 16-10-101.

2.8 Venue is proper under TCA § 20-4-104.

## FACTS

3.1 Plaintiff and Defendant were parties to an insurance contract (Policy HOT0309442) that covered Plaintiff's dwelling and personal property on 12/18/2010.

3.2 Plaintiff made all payments to Defendant as required by the terms of the contract policy.

3.3 On or about 12/18/2010, Plaintiff's dwelling and personal property were decimated by a fire.

3.4 Shortly thereafter Plaintiff applied for payment of benefits under the terms and conditions of said insurance contract.

3.5 To the best of her ability, Plaintiff fully cooperated and complied with the terms of the insurance contract with Defendant. However, Plaintiff was diagnosed with a severe medical condition during this period, of which Defendant was aware, that interfered with her ability to promptly cooperate immediately after the loss.

3.6 On or about July 1, 2011, Defendant issued a letter denying Plaintiff's claim due to Plaintiff's alleged failure to cooperate.

3.7 Defendant has acted intentionally, recklessly, negligently, and in bath faith in denying Plaintiff's fire loss claims.

## BREACH OF CONTRACT

4.1 Plaintiff re-alleges and incorporates the allegations set forth above as if stated herein verbatim.

4.2 On or about December 18, 2010, Defendant maintained a contractual relationship with the Plaintiff as it relates to the subject property.

4.3 The policy indicates on its face that the policy constitutes a legal contract and purports to provide insurance coverage in exchange for a payment of premiums.

4.4 Plaintiff timely paid all premiums in accordance with the terms of the insurance contract.

4.5 On July 1, 2011, Defendant breached its contract with Plaintiff by denying payment to Plaintiff.

4.6. Defendant was subject to the implied in law duty to act fairly and in good faith in order not to deprive Plaintiff of the benefit of the policy.

4.7 Plaintiff has incurred expenses, fees and losses as a direct and proximate result of Defendant's breach of contract of insurance and continue to suffer damages as a result of Defendant's actions.

## BAD FAITH

5.1 Plaintiff re-alleges and incorporates the allegations set forth above as if stated herein verbatim.

5.2  The insurance policy on the real and personal property located at 2014 Bradyville Pike, Murfreesboro, TN 37130, by its own terms became due and payable upon the loss suffered by Plaintiff.

5.3  Plaintiff has cooperated to the best of her ability with the Defendant's investigation into the claim and into the subject contents of the policy.

5.4  Despite Plaintiff's cooperation, Defendant has denied her insurance claim.

5.5  Defendant notified Plaintiff of its refusal to pay out said policy on July 1, 2011.

5.6  Defendant's refusal to pay was not made in good faith.

5.7  Plaintiff alleges above facts constitute a violation of T.C.A. §56-7-105 *et.seq.*

5.8  Defendant has subordinated Plaintiff's rights and interests for the unfair benefit and advantage of Defendant.

5.9  Plaintiff has incurred expenses, fees and losses as a direct and proximate result of Defendant's bad faith refusal to pay and continue to suffer damages as a result of Defendant's actions.

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

6.1  Plaintiff re-alleges and incorporates the allegations set forth above as if stated herein verbatim.

6.2  Defendant unreasonable denied coverage for the fire loss claim.

6.3  The acts and omissions of Defendant hereinabove constitute unfair and deceptive acts and/or practices affecting the conduct of trade or commerce; and the same did adversely affect Plaintiff (the consumer).

6.4  The Tennessee Consumer Protection Act ("TCPA") was in full force and effect at all times relevant herein.

6.5 Defendant's conduct was a violation of the TCPA including TCA §§ 47-18-104(a) and 47-18-104(b).

6.6 Plaintiff has a right to pursue damages under the TCPA pursuant to TCA § 47-18-109(a)(1).

WHEREFORE, Plaintiff demands judgment against Defendant for as follows:

1. Damages in an amount commensurate with Plaintiff's loss of the stated amounts in the insurance contract issued by Counter-Defendant, and interest thereon pursuant to T.C.A. §56-7-105 *et. seq.*, including but not limited to a bad faith penalty provided by the statute.

2. Damages at the maximum amount of statutory damages under the TCPA § 47-18-109 including treble damages, attorney fees and costs;

3. Punitive damages in an amount to be decided by the jury.

4. That all issues in this cause be tried before a constitutional jury of twelve.

Respectfully Submitted,

MCCARTER, CATRON & EAST, PLLC

BROCK EAST, #24406
Attorney for Plaintiff
101 North Maple Street
Murfreesboro, Tennessee 37130
(615) 893-9255

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This ___ day of _____
Laura Bohling Clerk

Case 3:12-cv-00799   Document 1-1   Filed 08/02/12   Page 7 of 8 PageID #: 10

## COST BOND

I am surety for costs in this cause not to exceed $500.00

_____
BROCK EAST