UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SHEMEKA C. TURNER, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) ) | No. 3:12-0799 Judge Nixon/Brown **Jury Demand** |
| ALFA ALLIANCE INSURANCE CORPORATION, | ) ) ) | |
| Defendant | ) | |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**1. JURISDICTION**: The Court has jurisdiction of this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a) and venue is proper in the Middle District of Tennessee at Nashville.

**2. PLAINTIFF'S THEORY OF THE CASE**: Plaintiff seeks to collect insurance proceeds under her Homeowner's policy. Plaintiff submits that Defendant's refusal to honor said policy is a breach of the insurance contract and said refusal arises to the level of bad faith.

**3. DEFENDANT'S THEORY OF THE CASE:** Defendant issued a homeowner's policy to plaintiff for property damaged by fire on December 18, 2010. Local fire department officials and ALFA's cause and origin expert agree that the fire was intentionally set. Defendant denied plaintiff's claim because plaintiff breached the policy contract by failing to cooperate, failing to provide requested documents, and failing to

complete the Examination Under Oath process. Plaintiff's suit is also barred by Suit Against Us condition of the policy requiring compliance with policy provisions prior to bringing legal action against defendant. Plaintiff's claims are also barred due to the Misrepresentation, Concealment or Fraud provisions of the policy. The subject fire was intentionally set, and Plaintiff had the motive and opportunity to cause the fire. Plaintiff's actions in attempting to collect insurance proceeds without complying with the insurance contract and without cooperating with ALFA and providing requested information constitute fraud and/or concealment and render the policy void. ALFA filed a Counter-Claim against Plaintiff for $86,930.67. This is the sum ALFA was required to pay plaintiff's mortgagee under the policy and under Tennessee law. By virtue of its payment to the mortgagee, denial of plaintiff's claim, and the terms of the policy, ALFA was assigned the rights of the mortgage and is entitled to recover this sum from plaintiff.

4. **IDENTIFICATION OF THE ISSUES:** Plaintiff seeks to collect insurance proceeds under the Homeowner's policy issued by ALFA due to the fire. ALFA contends it is not responsible for any payment due to plaintiff's failure to comply with policy conditions. ALFA also contends it is not responsible for payment due to plaintiff's fraud and/or misrepresentations concerning the fire and/or the insurance claim. ALFA seeks recovery of the mortgage amount it was required to pay under the policy and Tennessee law.

5. **INITIAL DISCLOSURES AND STAGING OF DISCOVERY:**

**Initial Disclosures:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **November 5, 2012**.

**Discovery:** The parties shall complete all written discovery and depose all fact witnesses on or before **May 31, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow **40** interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

**Disclosure of Experts:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 15, 2013**. The defendant shall identify and disclose all expert witnesses and reports on or before **August 1, 2013**.

**Depositions of Expert Witnesses:** The parties shall depose all expert witnesses on or before **September 16, 2013**.

6. **CONSENT TO TRIAL BY MAGISTRATE JUDGE:** The parties in this matter do not consent to trial by the Magistrate Judge.

7. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **June 7, 2013**. The parties cannot make a fair assessment as to whether alternative dispute resolution would be beneficial until after the completion of written discovery and depositions of fact witnesses.

8. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **October 15, 2013**. Responses to dispositive motions shall be within **28 days**. Optional replies may be filed within **14 days** of the filing of the Response. The Motion and Response Memoranda shall not exceed **25 pages**. Any reply shall be limited to **five pages**.

9. **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **March 25,**

2013, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.

      **10.**    **TARGET TRIAL DATE:** The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **March 25, 2014, at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **March 14, 2014, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

      It is so **ORDERED.**

      /s/ Joe B. Brown
      JOE B. BROWN
      United States Magistrate Judge